Dear Representatives, Don Ross,
¶ 0 This office has received your request for an Opinion addressing, in effect, the following question:
Do the War Veterans Commission ("the Commission") and theDepartment of Veterans Affairs ("the Department") have authorityto pay the salary of the Secretary for Veterans Affairs pursuantto the provisions of the Executive Branch Reform Act of 1986,74 O.S. 1991 and Supp. 1994, §§ 10.1 et seq., or otherapplicable provision of law?
¶ 1 The process for formation of the cabinet system and appointment of cabinet secretaries is provided by the Executive Branch Reform Act of 1986, 74 O.S. 1991 and Supp. 1994, §§ 10.1et seq. The purpose of the Act, as described in Section 10.2, is to create a cabinet system of government in order to improve the effectiveness, efficiency and accountability of state government. 74 O.S. 1991, § 10.2[74-10.2]. The Act requires that within forty-five (45) days of assuming office, the Governor shall create a cabinet system for the executive branch of state government, and:
 [O]ne cabinet area shall consist of the Oklahoma Department of Veterans Affairs, its institutions and other executive agencies, boards, commissions and institutions which are related to veterans.
74 O.S. 1991, § 10.3[74-10.3](A).
¶ 2 To oversee each cabinet area, the Governor is required to appoint, with the advice and consent of the Senate, a Secretary to head each cabinet area. Id. Regarding funding of these positions, Section 10.3(B) provides that:
 A cabinet Secretary may be appointed as a position funded by the Office of the Governor from funds available to that office, or appointed as a cabinet Secretary from among the agency heads within the cabinet area.
(Emphasis added.)
¶ 3 No other provision within the Executive Branch Reform Act of 1986 or other applicable law provides for the funding of the position of cabinet secretary.
¶ 4 In the absence of express authority, an administrative agency is limited to such powers as are necessary or which may be fairly implied from the statute granting the express powers.Oklahoma Tax Commission v. Fortinberry Co., 207 P.2d 301, 302-3
(Okla. 1949). Under Section 10.3, the position of cabinet secretary is limited to either a position funded from funds available to the Office of the Governor, or a position filled by an agency head within the cabinet area. Thus, under Section 10.3, the authority to fund a Cabinet Secretary's position will depend upon whether the funds of the Commission or the Department are funds available to the Office of Governor, or whether the Department has the duty to fund the salary of the Director who is also a Cabinet Secretary.
¶ 5 The funds of the War Veterans Commission are not funds available to the Office of the Governor. Control over appropriations and spending is expressly given to the Commission by 72 O.S. 1991, § 63.3[72-63.3](3), which provides the Commission the power to:
 [A]pprove all claims or expenditures from such appropriations as may be made to the Commission prior to the payment thereof except as may be otherwise provided by law.
¶ 6 Under 62 O.S.Supp. 1994, § 41.12[62-41.12](4), the funds of the Commission and the Department may only be transferred within the agency. Thus, because control of these funds expressly rests with the Commission, the funds may not be transferred to any other agency. Therefore, the funds of the Commission and the Department are not funds available to the Office of the Governor under 74O.S. 1991, § 10.3[74-10.3].
¶ 7 When an agency head is chosen to serve as Cabinet Secretary, Section 10.3 provides only for that person's appointment as a cabinet secretary, not for his or her hiring or funding. 74 O.S. 1991, § 10.3[74-10.3]. Further, Section 10.3(C) specifically provides that the appointment or removal of a cabinet secretary who is also an agency head does not affect the status of his or her other duties as agency head. Id. The authority for hiring or funding for each agency head rests with the entity designated by law for appointing and determining the salary of the agency head. Under 72 O.S. 1991, § 63.3[72-63.3](2), the War Veterans Commission is given the authority to appoint the Director of the Department of Veterans Affairs and provide for the salary and tenure. Thus, while funding for the Director is at the discretion of the Commission, it is not subject to any duties as a cabinet secretary.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The War Veterans Commission and the Department of VeteransAffairs do not have the authority to pay the salary of theSecretary for Veterans Affairs. They may pay the salary of theagency Director who may also serve as the Secretary for VeteransAffairs according to the Executive Branch Reform Act of 1986,74 O.S. 1991 and Supp. 1994, §§ 10.1 et seq.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KEVIN NELSON ASSISTANT ATTORNEY GENERAL